**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| JENNIFER M. BROADBRIDGE, | ) | |
| *Plaintiff,* | ) | Case No. |
| v. | ) | Jury Demand |
| YOUNG MEN'S CHRISTIAN ASSOCIATION OF MIDDLE TENNESSEE and YOUNG MEN'S CHRISTIAN ASSOCIATION OF NASHVILLE, | ) | |
| *Defendants.* | ) | |

---

**COMPLAINT**

---

Plaintiff Jennifer M. Broadbridge ("Ms. Broadbridge" and/or "Plaintiff") brings this action against the Young Men's Christian Association of Middle Tennessee and Young Men's Christian Association of Nashville (collectively, "Defendants" or "YMCA"):

1. This is an action for unlawful employment practices under the Americans with Disabilities Act (the "ADA"), as amended by the Americans with Disabilities Amendments Act of 2008 (the "ADAAA"), collectively referred to herein as the "ADA," 42 U.S.C. § 12101, *et seq.*, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*

2. Specifically, the YMCA fired Plaintiff within days of her reporting her serious health disabilities and her need for leave. The YMCA claims it fired Plaintiff for cause, which Plaintiff disputes. Furthermore, the YMCA failed to follow its disciplinary policy in dealing with Plaintiff.

## PARTIES, JURISDICTION, AND VENUE

3. Ms. Broadbridge is a female citizen of the State of Tennessee and resides in Williamson County, Tennessee.

4. Defendant Young Men's Christian Association of Tennessee is a Tennessee Corporation. The agent for service of process is Jessica P. Fain, 1000 Church Street, Nashville, Tennessee, 37203.

5. Defendant Young Men's Christian Association of Nashville is an association not authorized to do business in the State of Tennessee, but which is doing business here. This Defendant issued the payroll checks to Plaintiff as her employer. This Defendant shall be served through Jessica P. Fain, 1000 Church Street, Nashville, Tennessee, 37203.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(4).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred within this District.

## STATEMENT OF FACTS

8. Plaintiff worked for the YMCA since 2016, first at the Louisville, Kentucky YMCA and then at the Brentwood YMCA beginning in 2019.

9. By 2024, Plaintiff was one of two Aquatics Directors at the Brentwood YMCA.

10. Plaintiff suffers from several disabilities, including Crohn's Disease, chronic pain in both her neck and shoulder, and a heart condition that necessitates the use of a heart pacemaker.

11. Plaintiff kept Defendants apprised of her disabilities and the need for leave due to these disabilities.

12. From 2019 on, Plaintiff routinely needed days off due to the Crohn's disease and

hospital stays due to surgery necessitated by the Crohn's disease. Some of the requested leave was approved through FMLA.

13. In 2024, Plaintiff changed supervisors several times. First, Plaintiff reported to Jodi Schroer, District Executive Director, then to Meagan Peterson, Associate Executive Director. In May 2024, Matthew Mulcahy was hired as the Senior Program Director and Plaintiff began reporting to Mr. Mulcahy.

14. Before 2024, Plaintiff had a coordinator who would schedule appointments and do front line work for Plaintiff, such as teach the swim lessons and serve as lifeguard. This freed Plaintiff up to do her other job duties. This coordinator left in July 2023.

15. After he started at the YMCA, Mr. Mulcahy started to give Plaintiff busywork, even though Plaintiff did not have a coordinator and was doing both her work and the work of the coordinator. Mr. Mulcahy stated he wanted to do things "his way." Plaintiff told him she had a coordinator before who worked full time for her.

16. On Wednesdays, Defendants routinely allowed Plaintiff to arrive at work early so that she could work a full workday and then go to her second job.

17. In mid-June 2024, on a Wednesday, the pool at the YMCA had an issue with sand accumulation. Both Mr. Mulcahy and Plaintiff were on duty. Plaintiff left to go to her second job. Plaintiff told Mr. Mulcahy to contact Metro Maintenance, the contractor who could fix the issue, and to shut the pool down while it was being fixed. Mr. Mulcahy did as Plaintiff instructed and shut down the pool and contacted Metro Maintenance to fix the issue. The pool was repaired and reopened the next day.

18. In the summer of 2024, Plaintiff's health condition had worsened, and she went to her physician who told her she needed iron transfusions.

19. Plaintiff had a meeting with Ms. Peterson and Mr. Mulcahy at the YMCA and told them about her serious health issues. Plaintiff told them she had Crohn's disease and had some complications related to it. Plaintiff told them she needed some time off for the iron infusions. Plaintiff told them her health condition was very bad, and she needed to take time for herself to make her health a priority and put her health first before her disability stopped her in her tracks. Plaintiff told them she was trying to avoid a hospital stay.

20. On July 9, 2024, Plaintiff went to her physician for her chronic neck and shoulder pain and was told she would need nerve blocks. Plaintiff requested a meeting with both Ms. Peterson and Mr. Mulcahy and told both of this medical issue. Plaintiff told them she was having chronic neck and shoulder pain and that she had to have two nerve blocks and the nerve blocks had to be successful for insurance to pay for the ablation. This meant if the nerve blocks did not work, Plaintiff would be in constant pain.

21. Plaintiff did not work weekends. Mr. Anderson worked the weekends. On Saturday, July 13, 2024, Plaintiff was not working. A patron of the YMCA was swimming and almost drowned. The lifeguard on duty did not immediately see the patron's struggles and by the time CPR was performed, the patron had to be transported to the hospital.

22. Mr. Anderson contacted Plaintiff by phone about this incident and told Plaintiff that would be a meeting on Sunday for the staff involved with the incident. Mr. Anderson did not tell Plaintiff that she needed to attend this staff meeting. Because Plaintiff was not involved with the incident, she was not among the staff who Mr. Anderson said needed to attend the meeting.

23. On July 24, 2024, Plaintiff was called into the office for a meeting with Ms. Peterson and Mr. Mulcahy.

24. Defendants fired Plaintiff in this meeting for an alleged policy violation. Plaintiff

asked what policy she violated. In response, Ms. Peterson and Mr. Mulcahy accused her of missing deadlines. Plaintiff had not, however, missed any deadlines. Plaintiff was also told that she missed the Sunday meeting to discuss the near-drowning. Plaintiff stated she had not been told she needed to attend that meeting. Ms. Peterson told Plaintiff that as an exempt employee, she needed to know what was happening at all times. Plaintiff told her that if this was going to lead to her termination, then she would have expected a supervisor to call her about it. Ms. Peterson then told Plaintiff that she had been sent an email about the meeting. Plaintiff told her that she did not check her emails when she was off work. No other reason was given.

25. Plaintiff was fired due to her disabilities and request for accommodations.

26. The YMCA had a disciplinary policy in place. Defendant never gave Plaintiff any written counseling about her job performance as required under the disciplinary policy.

**COUNT ONE: DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. §12101, *et. seq.***

27. Plaintiff incorporates Paragraphs 1 through 26 as if each has been fully restated herein.

28. Plaintiff was disabled within the meaning the ADA.

29. Plaintiff is an individual who has a physical and/or mental impairment that substantially limits one or more major life activities, she has a record of such an impairment, and she has been regarded by the Defendant as having such an impairment.

30. Plaintiff was otherwise qualified for her position, with or without a reasonable accommodation.

31. Defendants knew or should have known of Plaintiff's disability.

32. Plaintiff's request for leave and/or accommodations was a reasonable request under the ADA.

33. Plaintiff suffered an adverse action when Defendants failed to accommodate her her disabilities and fired her.

34. Defendants took this adverse action due to Plaintiff's disabilities.

35. As a result of these actions and omissions, Defendants violated the ADA.

36. As a result of the Defendants' violations of the ADA, Plaintiff is entitled to compensatory damages in an amount to be determined at trial, back pay, interest on back pay, front pay, other equitable relief, and reasonable costs and attorney fees.

**COUNT TWO: RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101, *et seq.***

37. Plaintiff incorporates Paragraphs 1 through 36 above as if each has been fully stated herein.

38. Plaintiff engaged in protected activity under the ADA when she requested reasonable accommodations for her disabilities.

39. Plaintiff suffered an adverse action when Defendants fired her.

40. There was a causal link between the protected activity and the adverse action described above.

41. As a result of these acts and omissions, Defendants violated the ADA.

42. As a result of Defendants' violations of the ADA, Plaintiff is entitled to compensatory damages in an amount to be determined at trial, back pay, interest on back pay, front pay, other equitable relief, and reasonable costs and attorney's fees.

**COUNT THREE: INTERFERENCE IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. § 2601, *et seq.***

43. Plaintiff incorporates Paragraphs 1 through 42 above as if each has been fully stated herein.

44. Plaintiff was an “eligible employee” under the FMLA.

45. The YMCA was a covered employer under the FMLA.

46. Plaintiff was entitled to leave under the FMLA.

47. Plaintiff gave Defendants notice of her intent to take an FMLA-qualified leave.

48. Defendants interfered with Plaintiff’s FMLA rights by firing Plaintiff.

49. As a result of these actions, Defendants willfully violated Plaintiff’s rights under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*

50. As a result of Defendants’ violations of the FMLA, Plaintiff is entitled to back pay, interest on back pay, front pay, liquidated damages, other equitable relief, and reasonable costs and attorney’s fees.

**COUNT FOUR: RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. § 2601, *et seq.***

51. Plaintiff incorporates Paragraphs 1 through 50 above as if each has been fully stated herein.

52. By taking and requesting leave, Plaintiff availed herself of a protected right under the FMLA.

53. Plaintiff suffered an adverse action when Defendants failed to comply with her 2024 request for leave and fired Plaintiff.

54. There was a causal connection between the exercise of the Plaintiff’s rights under the FMLA and the adverse employment actions.

55. As a result of these actions, Defendants retaliated against Plaintiff in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*

56. As a result of Defendants' violations of the FMLA, Plaintiff is entitled to back pay, front pay, interest on back pay, liquidated damages, other equitable relief, and reasonable costs and attorney's fees.

## RELIEF REQUESTED

1. A jury to try Plaintiff's claims.

2. Entry of judgment in favor of Plaintiff, and against Defendants, for compensatory damages in an amount to be proven at trial.

3. Entry of judgment in favor of Plaintiff, and against Defendants, for liquidated damages.

4. Entry of judgment in favor of Plaintiff for back pay, front pay, and other equitable relief.

5. An award of Plaintiff's costs, reasonable attorney's fees, and pre- and post-judgment interest.

6. Any other legal or equitable relief to which Plaintiff may be entitled.

Respectfully submitted,

**STEINER & STEINER LLC**

/s/ *Ann Buntin Steiner*
Ann Buntin Steiner, BPR No. 011697
613 Woodland Street
Nashville, Tennessee 37206
(615) 244-5063
asteiner@steinerandsteiner.com

**JESSE HARBISON LAW PLLC**

/s/ *Jesse Ford Harbison*
Jesse Ford Harbison, BPR No. 032105
613 Woodland Street
Nashville, Tennessee 37206
(629) 201-7284
jesse@jesseharbisonlaw.com

*Attorneys for Plaintiff*