**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| JENNIFER M. BROADBRIDGE, | ) | |
| *Plaintiff,* | ) | Case No. 3:25-cv-01233 |
| v. | ) | JUDGE RICHARDSON<br>JURY DEMAND |
| YOUNG MEN'S CHRISTIAN ASSOCIATION OF MIDDLE TENNESSEE, | ) | |
| *Defendant.* | ) | |

---

**AMENDED COMPLAINT**

---

Plaintiff Jennifer M. Broadbridge ("Ms. Broadbridge") and/or ("Plaintiff') brings this action against the Young Men's Christian Association of Middle Tennessee. (Defendant or YMCA):

1. This is an action for unlawful employment practices under the Americans with Disabilities Act (the "ADA"), as amended by the Americans with Disabilities Amendments Act of 2008 (the "ADAAA"), collectively referred to herein as the "ADA," 42 U.S.C. § 1201, *et seq*., and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. 2601 *et seq*.

2. Specifically, the YMCA fired Plaintiff within days of Plaintiff reporting serious health disabilities and the need for leave. The YMCA claims it fired Plaintiff for cause, which Plaintiff disputes and the YMCA failed to follow its disciplinary policy in dealing with Plaintiff.


Case 3:25-cv-01233 Document 15 Filed 12/04/25 Page 1 of 10 PageID #: 38

## PARTIES, JURISDICTION, AND VENUE

3. Ms. Broadbridge is a female citizen of the State of Tennessee and resides in Williamson County, Tennessee.

4. Defendant Young Men's Christian Association of Tennessee is a Tennessee Corporation. The agent for service of process is Jessica P. Fain, 1000 Church Street, Nashville, Tennessee, 37203.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(4).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred within this District.

## STATEMENT OF FACTS

7. Plaintiff worked for the Defendant since 2016, first at the Louisville Kentucky YMCA and then in 2019 at the Brentwood YMCA.

8. By 2024, Plaintiff was one of two Aquatics Directors at the Brentwood YMCA.

9. Plaintiff suffers from several disabilities including Crohn's Disease, chronic pain in both her neck and shoulder, and a heart condition that necessitates the use of a heart pacemaker.

10. Plaintiff kept Defendant apprised of her disabilities and the need for time leave due to these disabilities.

11. From 2019 on, Plaintiff routinely needed days off due to the Crohn's disease and hospital stays due to surgery necessitated by the Crohn's disease. Some of the requested leave was approved through FMLA.

12. In 2024, Plaintiff changed supervisors several times. First, Plaintiff reported to Jodi Schroer, District Executive Director, then to Meagan Peterson, Associate Executive

Director. In May 2024, Matthew Mulcahy was hired as the Senior Program Director and Plaintiff began reporting to Mr. Mulcahy.

13. Before 2024, Plaintiff had a coordinator who would schedule appointments and do front line work for Plaintiff, such as teach the swim lessons and serve as lifeguard. This would free Plaintiff up to do her other job duties. This coordinator left in July 2023.

14. After he started at the YMCA, Mr. Mulcahy started to give Plaintiff busy work, despite the fact that she did not have a coordinator and was doing both her work and the work of the coordinator. Mr. Mulcahy stated he wanted to do things his way. Plaintiff told him that she had a coordinator before who worked full time for her.

15. On Wednesdays Defendants routinely allowed Plaintiff to arrive at work early so that she could work a full work day and then her full work day would end at an earlier hour and Plaintiff could then go to her second job.

16. In mid-June 2024, on a Wednesday, the pool at the YMCA had an issue with sand accumulation. Both Mr. Mulcahy & Plaintiff were on duty. Plaintiff left to go to her second job. Plaintiff told Mr. Mulcahy to contact Metro Maintenance the contractor who could fix the issue and to shut the pool down while it was being fixed. Mr. Mulcahy did as Plaintiff instructed and shut down the pool and contacted Metro Maintenance to fix the issue. The pool was repaired and reopened the next day.

17. In the summer of 2024 Plaintiff's health condition had worsened, and she went to her physician and was told she would need iron transfusions.

18. Plaintiff had a meeting with Meagan Peterson, and Matthew Mulcahy at the YMCA and told them that she had serious health issues. Plaintiff told them she had Crohn's disease and had some complications related to it. Plaintiff told them she would need some time

off for the iron infusions. Plaintiff told them her health condition was very bad and she just needed to take time for herself to make her health a priority and put her health first before her disability stopped her in her tracks. Plaintiff told them she was trying to avoid a hospital stay.

19. On July 9, 2024, Plaintiff went to her physician for her chronic neck and shoulder pain and was told she would need nerve blocks. Plaintiff requested a meeting with both Meagan Peterson and Matthew Mulcahy and told both of this medical issue. Plaintiff told them she was having chronic neck and shoulder pain and that she had to have two nerve blocks and the nerve blocks had to be successful for insurance to pay for the ablation. This meant if the nerve blocks did not work, Plaintiff would be in constant pain.

20. Plaintiff did not work weekends. Mr. Anderson worked the weekends. On Saturday July 13, 2024, Plaintiff was not working. A patron of the YMCA was swimming and almost drowned. The lifeguard on duty did not immediately see the patron's struggles and by the time CPR was done the patron had to be transported to the hospital.

21. Mr. Anderson contacted Plaintiff by phone about this incident and told Plaintiff that there was going to be a meeting on Sunday for the staff involved with the incident. Mr. Anderson did not tell Plaintiff that she needed to attend this staff meeting. Plaintiff was not involved with the incident and did not go to the meeting.

22. Plaintiff continued to work for the YMCA and on July 24, 2024 was called into the office for a meeting with Meagan Peterson, and Matthew Mulcahy.

23. Defendant fired Plaintiff in this meeting for policy violation. Plaintiff asked what policy did she violate? Meagan Peterson and Matthew Mulcahy accused Plaintiff of missing deadlines. Plaintiff had not missed any deadlines. Plaintiff was also told that she had missed the Sunday meeting to discuss the drowning. Plaintiff stated that she had not been told about this

meeting. Ms. Peterson told Plaintiff that as an exempt employee she needed to know what was happening at all times. Plaintiff told her that if this was going to lead to her termination then she would have expected a supervisor to call her about it. Ms. Peterson then told Plaintiff that she had been sent an e-mail about the meeting. Plaintiff told her that she did not check her e-mails when she was off work. No other reason was given.

24. Plaintiff was fired due to her disabilities and request for accommodations.

25. The YMCA had a disciplinary policy in place. Defendant never gave Plaintiff any written counseling about her job performance as required under the disciplinary policy.

**COUNT ONE: DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101, *et. seq.***

26. Plaintiff incorporates Paragraphs 1 through 25 as if each has been fully restated herein.

27. Plaintiff was disabled within the meaning the ADA.

28. Plaintiff is an individual who has a physical and/or mental impairment that substantially limits one or more major life activities, she has a record of such an impairment, and she has been regarded by the Defendant as having such an impairment.

29. Plaintiff was otherwise qualified for her position, with or without a reasonable accommodation.

30. Defendant knew or should have known of Plaintiff's disability.

31. Plaintiff's request for leave and/or accommodations was a reasonable request under the ADA.

32. Plaintiff suffered an adverse action when Defendant failed to accommodation her for her disabilities and fired her.

33. Defendant took this adverse action due to Plaintiff's disabilities.


Case 3:25-cv-01233 Document 15 Filed 12/04/25 Page 5 of 10 PageID #: 42

34. As a result of these actions and omissions, Defendant violated the ADA.

35. As a result of the Defendant's violations of the ADA, Plaintiff is entitled to compensatory damages in an amount to be determined at trial, back pay, interest on back pay, front pay, other equitable relief, and reasonable costs and attorney fees.

**COUNT TWO: RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101, *et seq.***
***On Behalf of all Plaintiffs***

36. Plaintiff incorporates Paragraphs 1 through 35 above as if each has been fully stated herein.

37. Plaintiff engaged in protected activity under the ADA when she requested reasonable accommodations for her disabilities.

38. Plaintiff suffered an adverse action when Defendant fired Plaintiff.

39. There was a causal link between the protected activity and the adverse action described above.

40. As a result of these acts and omissions, Defendant violated the ADA.

41. As a result of Defendant's violations of the ADA, Plaintiff is entitled to compensatory damages in an amount to be determined at trial, back pay, interest on back pay, front pay, other equitable relief, and reasonable costs and attorney's fees.

**COUNT THREE: INTERFERENCE IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. § 2601, *et seq.***

42. Plaintiff incorporates Paragraphs 1 through 41 above as if each has been fully stated herein.

43. Plaintiff was an "eligible employee" under the FMLA.

44. The YMCA was a covered employer under the FMLA.

45. Plaintiff was entitled to leave under the FMLA.

46. Plaintiff gave Defendant notice of her intent to take an FMLA-qualified leave.

47. Defendant interfered with Plaintiff's FMLA rights by firing Plaintiff.

48. As a result of these actions, Defendant willfully violated Plaintiff's rights under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*

49. As a result of Defendant's violations of the FMLA, Plaintiffs are entitled to back pay, interest on back pay, front pay, liquidated damages, other equitable relief, and reasonable costs and attorney's fees.

**COUNT FOUR: RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. § 2601, *et seq.***

50. Plaintiff incorporates Paragraphs 1 through 49 above as if each has been fully stated herein.

51. By taking and requesting leave, Plaintiff availed herself of a protected right under the FMLA.

52. Plaintiff suffered an adverse action when Defendant failed to comply with her 2024 request for leave and fired Plaintiff.

53. There was a causal connection between the exercise of the Plaintiff's rights under the FMLA and the adverse employment actions.

54. As a result of these actions, Defendant retaliated against Plaintiff in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*

55. As a result of Defendant's violations of the FMLA, Plaintiff is entitled to back pay, front pay, interest on back pay, liquidated damages, other equitable relief, and reasonable costs and attorney's fees.

## RELIEF REQUESTED

1. A jury to try Plaintiff's claims.

2. Entry of judgment in favor of Plaintiff, and against Defendant, for compensatory damages in an amount to be proven at trial.

3. Entry of judgment in favor of Plaintiff, and against Defendant, for liquidated damages.

4. Entry of judgment in favor of Plaintiff for back pay, front pay, and other equitable relief.

5. An award of Plaintiff's costs, reasonable attorney's fees, and pre- and post-judgment interest.

6. Any other legal or equitable relief to which Plaintiff may be entitled.

Dated: December 4, 2025

Respectfully submitted,

**STEINER & STEINER LLC**

/s/ *Ann Buntin Steiner*
Ann Buntin Steiner, BPR No. 011697
613 Woodland Street
Nashville, Tennessee 37206
(615) 244-5063
asteiner@steinerandsteiner.com

**JESSE HARBISON LAW PLLC**

/s/ *Jesse Ford Harbison*
Jesse Ford Harbison, BPR No. 032105
P.O. Box 68251
Nashville, Tennessee 37206
(629) 201-7284
jesse@jesseharbisonlaw.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicating on the electronic filing receipt as follows: Howard B. Jackson, Meredith A. Box, FORDHARRISON LLP, 150 Third Ave South, Suite 2010, Nashville, Tennessee 37201, parties may access this filing through the Court's electronic filing system.

*<u>/s/ Jesse Ford Harbison</u>*
Jesse Ford Harbison