IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **JENNIFER M. BROADBRIDGE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**YOUNG MEN'S CHRISTIAN ASSOCIATION OF MIDDLE TENNESSEE,**<br><br>**Defendant.** | **Civil Case No. 3:25-cv-01233**<br><br>**JUDGE RICHARDSON** |

**YOUNG MEN'S CHRISTIAN ASSOCIATION OF MIDDLE TENNESSEE'S ANSWER AND DEFENSES**

Defendant Young Men's Christian Association of Middle Tennessee ("YMCA") responds to the Amended Complaint and submits its defenses as follows:

1. YMCA admits that Plaintiff purports to bring claims under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq*. YMCA denies that it has engaged in any conduct whatsoever giving rise to liability against it.

2. YMCA denies that it separated Plaintiff within days of her reporting her allegedly serious health disabilities and her need for leave. YMCA admits that it separated Plaintiff for cause. YMCA denies that it failed to follow its disciplinary policy as it relates to Plaintiff.

**PARTIES, JURISDICTION, AND VENUE**

3. YMCA lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 3 of the Amended Complaint and therefore denies the same.

4. YMCA admits the allegations in Paragraph 4 of Plaintiff's Amended Complaint as it relates to Young Men's Christian Association of "Middle" Tennessee.
5. YMCA admits that Plaintiff purports this Court has jurisdiction over this matter. YMCA denies that it has engaged in any conduct whatsoever giving rise to liability against it in this Court or any other court.
6. YMCA admits that Plaintiff purports that venue is proper in this Court. YMCA denies that it has engaged in any conduct whatsoever giving rise to liability against it in this venue or any other venue.

**STATEMENT OF FACTS**

7. YMCA admits that Plaintiff worked at its Brentwood location beginning in 2019. YMCA lacks knowledge and information sufficient for it to admit or deny the remaining allegations in Paragraph 7 of the Amended Complaint and therefore denies the same.
8. Admitted.
9. YMCA lacks knowledge and information sufficient for it to admit or deny the allegations in Paragraph 9 of the Amended Complaint and therefore denies the same.
10. YMCA admits that Plaintiff notified it that she had various health conditions over time and that she required time off on occasion.
11. YMCA admits that Plaintiff requested time off on occasion purportedly to seek medical treatment. YMCA admits that Plaintiff was approved to take FMLA leave. YMCA lacks knowledge and information sufficient for it to admit or deny the remaining allegations in Paragraph 11 of the Amended Complaint and therefore denies the same.
12. Admitted.

13. YMCA admits that it hires Coordinators to do various tasks, including scheduling appointments from time to time. YMCA admits that Plaintiff worked with a Coordinator on occasion. YMCA admits that Coordinators teach swim lessons and act as lifeguards on occasion as needed. YMCA lacks knowledge and information sufficient for it to admit or deny the remaining allegations in Paragraph 13 of the Amended Complaint and therefore denies the same.
14. Denied.
15. Denied.
16. YMCA lacks knowledge and information sufficient for it to admit or deny the allegations in Paragraph 16 of the Amended Complaint and therefore denies the same.
17. YMCA lacks knowledge and information sufficient for it to admit or deny the allegations in Paragraph 17 of the Amended Complaint and therefore denies the same.
18. YMCA admits that Plaintiff had informed Ms. Peterson and Mr. Mulcahy that she had Crohn's disease and needed time off on occasion for iron infusions. The remaining allegations in Paragraph 18 of the Amended Complaint are denied.
19. YMCA lacks knowledge and information sufficient for it to admit or deny whether Plaintiff went to her physician on July 9, 2024 for chronic neck and shoulder pain and therefore denies the same. YMCA lacks knowledge and information sufficient for it to admit or deny whether Plaintiff was told she would need nerve blocks. YMCA lacks knowledge and information sufficient for it to admit or deny whether Plaintiff would be in constant pain if the alleged nerve blocks did not work. The remaining allegations in Paragraph 19 of the Amended Complaint are denied.
20. YMCA admits that Plaintiff was not regularly scheduled to work on the weekends.

However, YMCA denies the inference that Plaintiff was not expected to come in on a weekend from time to time. YMCA admits that Mr. Anderson was regularly scheduled to work on the weekend. YMCA admits that an incident occurred on or about July 13, 2024 that required an emergency response. YMCA admits that Plaintiff was not scheduled to work on July 13, 2024. YMCA lacks knowledge and information sufficient for it to admit or deny the remaining allegations in Paragraph 20 of the Amended Complaint and therefore denies the same.

21. YMCA admits that Plaintiff did not attend the meeting. YMCA lacks knowledge and information sufficient for it to admit or deny the remaining allegations in Paragraph 21 of the Amended Complaint and therefore denies the same.
22. Admitted.
23. YMCA admits that Plaintiff was separated on July 24, 2024 for unsatisfactory work performance including missing deadlines. The remaining allegations in Paragraph 23 of the Amended Complaint are denied.
24. Denied.
25. YMCA admits that it maintains policies related to disciplinary actions, and that it followed its policies at all times. YMCA denies that Plaintiff never received written disciplinary counseling about her job performance.

**COUNT ONE: DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101, *et seq*.**

26. YMCA incorporates by reference its responses to Paragraphs 1-25 of Plaintiff's Amended Complaint as if fully stated herein.
27. The allegations in Paragraph 27 of the Amended Complaint are a legal conclusion to which no response is required.

28. The allegations in Paragraph 28 of the Amended Complaint are a legal conclusion to which no response is required.

29. Denied.

30. The allegations in Paragraph 30 of the Amended Complaint are a legal conclusion to which no response is required.

31. The allegations in Paragraph 31 of the Amended Complaint are a legal conclusion to which no response is required.

32. YMCA denies that it failed to accommodate Plaintiff. The remaining allegations in Paragraph 32 of the Amended Complaint are a legal conclusion to which no response is required.

33. Denied.

34. Denied.

35. Denied.

**COUNT TWO: RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101, *et seq*.**

36. YMCA incorporates by reference its responses to Paragraphs 1-35 of Plaintiff's Amended Complaint as if fully stated herein.

37. The allegations in Paragraph 37 of the Amended Complaint are a legal conclusion to which no response is required.

38. The allegations in Paragraph 38 of the Amended Complaint are a legal conclusion to which no response is required.

39. Denied.

40. Denied.

41. Denied.


Case 3:25-cv-01233 Document 16 Filed 12/16/25 Page 5 of 11 PageID #: 52

## COUNT THREE: INTERFERENCE IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. § 2601, *et seq*.

42. YMCA incorporates by reference its responses to Paragraphs 1-41 of Plaintiff's Amended Complaint as if fully stated herein.

43. The allegations in Paragraph 43 of the Amended Complaint are a legal conclusion to which no response is required.

44. The allegations in Paragraph 44 of the Amended Complaint are a legal conclusion to which no response is required.

45. The allegations in Paragraph 45 of the Amended Complaint are a legal conclusion to which no response is required.

46. YMCA admits that Plaintiff requested FMLA leave throughout her employment, which YMCA granted.

47. Denied.

48. Denied.

49. Denied.

## COUNT FOUR: RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. § 2601, *et seq*.

50. YMCA incorporates by reference its responses to Paragraphs 1-49 of Plaintiff's Amended Complaint as if fully stated herein.

51. The allegations in Paragraph 51 of the Amended Complaint are a legal conclusion to which no response is required.

52. YMCA admits that Plaintiff requested FMLA leave throughout her employment, which YMCA granted. The remaining allegations in Paragraph 52 of the Amended Complaint are a legal conclusion to which no response is required.



Case 3:25-cv-01233 Document 16 Filed 12/16/25 Page 6 of 11 PageID #: 53

53. Denied.

54. Denied.

55. Denied.

56. YMCA denies that Plaintiff is entitled to any of the relief prayed for in the Amended Complaint, monetary or otherwise, including all relief sought in sub-paragraphs "1" through "6" in the ad damnum clause beginning "**RELIEF REQUESTED**."

57. All allegations not specifically admitted are denied.

## AFFIRMATIVE AND OTHER DEFENSES

Subject to and without waiving any prior objection, answers, or defenses, and without accepting the burden of proof on the matters, YMCA states the following affirmative and other defenses:

1. Plaintiff's Amended Complaint, in whole or in part, fails to state a claim upon which relief could be granted and must be dismissed.

2. Plaintiff's claims are barred to the extent which she did not fully exhaust her administrative remedies, timely file her EEOC charge of discrimination, satisfy all administrative prerequisites, and to the extent her allegations exceed the scope of or are inconsistent with the EEOC charge of discrimination.

3. Plaintiff's lawsuit is barred, in whole or in part, by the applicable statute of limitations.

4. Plaintiff is estopped by her own acts, conduct, or omissions from asserting some or all of her claims.

5. To the extent any intentional acts occurred, the occurrence of which YMCA denies, those acts occurred wholly and entirely outside the scope or course of the actor's employment

with YMCA, were not authorized or sanctioned by YMCA, and YMCA, therefore, is not liable to Plaintiff for such acts.

6. YMCA asserts the affirmative defenses of res judicata, collateral estoppel, judicial estoppel, and waiver, as these defenses may be developed during the course of this litigation.

7. Plaintiff's damages are barred in whole or in part by the doctrines of after-acquired evidence or unclean hands. To the extent YMCA acquires evidence about Plaintiff that would have disqualified Plaintiff from being hired or would have resulted in her termination if YMCA had known, Plaintiff is not entitled to damages and/or equitable relief based upon this after-acquired evidence should she prevail.

8. Even assuming that YMCA's actions concerning Plaintiff's employment were partially influenced by some unlawful motive, though they were not, YMCA nonetheless would have taken the same employment actions with respect to Plaintiff even in the absence of such unlawful motive.

9. Without admitting that Plaintiff was disabled within the meaning of any state or federal law, Plaintiff's ADA claims are barred because she was not a qualified individual with a disability within the meaning of the applicable statute.

10. To the extent Plaintiff seeks punitive damages, none of YMCA's actions were taken with malice or reckless indifference to Plaintiff's civil rights, thereby precluding any and all claims for punitive damages. Plaintiff is also not entitled to recover punitive damages because she has failed to plead facts sufficient to support allegations of malice or reckless indifference, and such damages are either not recoverable or are limited in amount.


Case 3:25-cv-01233 Document 16 Filed 12/16/25 Page 8 of 11 PageID #: 55

11. Assuming, *arguendo*, any unlawful acts occurred, though they did not, any claim for punitive damages is barred because any discriminatory or unlawful acts were committed by individuals who were not acting in a managerial capacity.

12. Assuming, *arguendo*, any unlawful acts occurred, though they did not, YMCA is not liable for punitive damages, if any, because any unlawful employment decisions were contrary to their good faith efforts to comply with anti-discrimination statutes.

13. Assuming, *arguendo*, any unlawful acts occurred, though they did not, any claim for punitive damages is barred because YMCA did not authorize or ratify any alleged discriminatory acts and were not reckless in hiring the employees who committed the allegedly discriminatory acts.

14. YMCA's decisions concerning Plaintiff's employment were based upon legitimate non-discriminatory business reasons, completely unrelated to Plaintiff's protected characteristics and/or the exercise of her protected rights, if any.

15. Plaintiff received all leave to which she was entitled. Plaintiff was not eligible for or entitled to additional leave under the Family and Medical Leave Act. YMCA did not deny, restrain, or interfere with Plaintiff's FMLA rights.

16. Plaintiff did not have a qualifying health condition under the Family and Medical Leave Act.

17. Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by YMCA including applicable complaint procedures and/or failed to otherwise avoid harm, and YMCA has exercised reasonable care to prevent and/or correct allegedly discriminatory, harassing, and/or retaliatory behavior.

18. Although YMCA denies Plaintiff is entitled to any relief, to the extent Plaintiff has failed to mitigate her damages, Plaintiff's recovery of damages is barred, or alternatively, must be reduced.

19. Any ailments or emotional distress Plaintiff claims to suffer are the result of causes unrelated to YMCA.

**RESERVATION OF RIGHTS**

YMCA reserves the right to modify and supplement its defenses and to plead additional defenses to Plaintiff's claims based upon such facts and circumstances as become known to it after the date hereof.

WHEREFORE, having fully answered the Amended Complaint, YMCA respectfully requests that the Amended Complaint be dismissed with prejudice, that it be awarded its costs, including attorneys' fees, in the amount and manner permitted by applicable law, along with such other and further relief as this Court may deem just and proper.

Respectfully submitted this 16th day of December 2025,

Respectfully Submitted

By: */s/Howard B. Jackson*

Meredith A. Box (TN 039019)
Howard B. Jackson (TN 021316)
FORDHARRISON LLP
150 Third Ave South, Suite 2010
Nashville, Tennessee 37201
Telephone: (615) 574-6700
Facsimile: (615) 574-6701
hjackson@fordharrison.com
mbox@fordharrison.com

*Attorneys for YMCA of Middle Tennessee*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served on this 16th day of December 2025, by the Court's electronic filing system and/or via email on the following:

Jesse Ford Harbison
Jesse Harbison Law PLLC
613 Woodland Street
Nashville, TN 37206
jesse@jesseharbisonlaw.com

Ann Buntin Steiner
Steiner & Steiner LLC
613 Woodland Street
Nashville, TN 37206
asteiner@steinerandsteiner.com

*/s/ Howard. B. Jackson*
Howard B. Jackson